**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| L.B., *by her next friends and parents*, SAMANTHA BROWN and HENRY BROWN, <br><br>*Plaintiffs*, <br><br>vs. <br><br>HARRISON COUNTY SCHOOL DISTRICT; HARRISON COUNTY SCHOOL BOARD; MITCHELL KING, *the Superintendent of Harrison County School District*; KELLY FULLER, *the Principal of Harrison Central High School*, <br><br>*Defendants*. | **Civil No.** 1:23cv124 HSO-BWR <br><br> **ORIGINAL COMPLAINT** |

**INTRODUCTION**

1. PLAINTIFF L.B., by her next friends and parents Samantha Brown and Henry Brown, through their undersigned counsel, bring this action against DEFENDANTS Harrison County School District ("School District"); Harrison County School Board ("School Board"); Mitchell King, in his official capacity as the Superintendent of Harrison County School District; and Kelly Fuller, in her official capacity as Principal of Harrison Central High School ("HCHS"). By this Complaint, Plaintiffs seek declaratory relief, preliminary and permanent injunctive relief, and attorneys' fees, expenses, and costs.

1

2. L.B. is a 17-year-old transgender girl and current senior student who is expected to graduate from HCHS in a few days—on Saturday, May 20, 2023. L.B. is just like every other high school senior—excited to commemorate the last four years of her high school career, to walk across the stage and accept her long-awaited diploma as her teachers and peers cheer her on, and to go home to celebrate this momentous occasion with her parents, family members, and friends. And just like her peers, L.B. is entitled to attend and participate fully in her high school graduation without being subjected to discriminatory and unequal treatment solely based on gender.

3. On May 9, 2023—less than two weeks before graduation day, Defendants informed Plaintiff L.B. that she could not attend or participate in her high school graduation ceremony while wearing a dress and heeled shoes. Defendants based this instruction on the HCHS gender-based dress code policy for graduation, which provides that girls must wear a white dress and dress shoes and that boys must wear a white button-down shirt, black dress pants, black dress shoes, and a tie or bowtie. Defendants instructed that L.B. must dress in accordance with her sex assigned at birth—in other words, that L.B. must dress in accordance with the stereotypical male standards, even though she entered high school as a girl and has lived every aspect of her high school career as a girl.

4. Defendants have refused to back down from their last-minute attempt to bar L.B. from wearing a dress and heeled shoes, even as it derails her longstanding plans for her high school graduation. Plaintiff L.B. and her parents have repeatedly voiced their concerns about this restriction to Defendants, and Plaintiffs' counsel have repeatedly reached out to counsel for Defendants to request that Plaintiff L.B. be permitted to wear a dress and heeled shoes on her

graduation day. Despite these efforts, Defendants have flatly rejected these requests and maintained their position that they will exclude L.B. from participating in her long-awaited high school graduation if she does not conform to Defendants' mandate that she wear pants and other traditionally masculine clothing items. As a result, L.B. and her parents have suffered significant emotional distress, humiliation, shame, and anxiety, and fear that they will be forced to miss this important moment in L.B.'s personal life and academic career.

5. Defendants have offered no rationale that could justify the severe and ongoing deprivation of Plaintiffs' constitutional and statutory rights to be free from gender discrimination. Over the past four years of her high school career, Plaintiff L.B. has worn dresses, skirts, and other traditionally feminine clothing items without issue or repercussion, including during in-person classes, school-sponsored events and programs, and extracurricular activities. Defendants' sudden decision to prohibit L.B. from wearing a dress and heeled shoes now, during the final and perhaps most important event of her high school career, serves no legitimate interest or justification.

6. Plaintiffs seek urgent relief from this Court to stop Defendants from continuing to inflict irreparable harm by discriminating against L.B. based on gender and preventing her from participating in her graduation in a manner consistent with her gender identity.

## JURISDICTION AND VENUE

7. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments to the United States Constitution, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

8. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) because the matters in controversy arise under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) and (4) (civil rights) because the action is brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution, and seeks to secure equitable relief under 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights.

9. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants and/or agents of Defendants reside and/or may be found in this District, and the communications, events, or omissions giving rise to Plaintiffs' claims occurred in Gulfport, Mississippi, which is within the Southern District of Mississippi, Southern Division.

10. The Court has jurisdiction to declare the rights of the parties and to award any further necessary and proper relief pursuant to 28 U.S.C. §§ 2201 and 2202. Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief. The Court has authority to award costs and attorney's fees under 42 U.S.C. § 1988. Plaintiffs are entitled to relief under, among other provisions of law, 52 U.S.C. § 10301 and 42 U.S.C. § 1983.  Upon prevailing, Plaintiffs will further be entitled to fees and costs pursuant to 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988.

11. This Court has personal jurisdiction over the Defendants, who are citizens of the State of Mississippi.

## PARTIES

12. **Plaintiff L.B.** is a 17-year-old girl and current senior at HCHS in Gulfport, Mississippi. Plaintiff L.B. also is a transgender girl, and has been openly transgender since she began attending HCHS as a freshman four years ago. Over the past four years, L.B. has lived

every aspect of her high school career as a girl, and has frequently worn dresses, skirts, and other traditionally feminine clothing items to in-person classes and school-sponsored events and activities without issue. Wearing traditionally feminine clothing is critically important to L.B.'s sense of self expression and identity as a girl. L.B. is, and was at all relevant times to the Complaint, a student at HCHS. As a student in the School District, L.B. remains subject to the authority and directives of the Defendants.

13. **Plaintiff SAMANTHA BROWN** is the mother and next friend of L.B.

14. **Plaintiff HENRY BROWN** is the father and next friend of L.B.

15. **Defendant HARRISON COUNTY SCHOOL DISTRICT** ("the School District") is a school district operating in Mississippi under color of state law and is located in Harrison County, Mississippi. It receives Federal financial assistance, including but not limited to funds from the United States Department of Education ("ED"). It may be served with process through its Superintendent Mitchell King at 11072 Hwy 49, Gulfport, MS 39503.

16. **Defendant HARRISON COUNTY SCHOOL BOARD** ("the School Board") is an elected body responsible for the operation of the Harrison County public schools, including the promulgation of dress code policies. At all times relevant, the School Board has acted and continues to act under color of state law. The School Board is comprised of five School Board members, and meets in the Administrative Building at 11072 Highway 49, Gulfport, Mississippi 39503.

17. **Defendant MITCHELL KING** is, and was at all times relevant to the Complaint, the Superintendent of Harrison County School District. Pursuant to Mississippi Code of 1972, § 37-9-69, he has the responsibility of, *inter alia*, enforcing school rules, regulations, and policies.

Defendant King is sued in his official capacity. He may be served in his official capacity with process at 11072 Highway 49, Gulfport, MS 39503.

18.     **Defendant KELLY FULLER** is, and was at all times relevant to the Complaint, the Superintendent of Harrison County School District. Pursuant to Mississippi Code of 1972, § 37-9-69, she has the responsibility of, *inter alia*, enforcing school rules, regulations, and policies. Defendant Fuller is sued in her official capacity. She may be served in her official capacity with process at 11072 Highway 49, Gulfport, MS 39503.

19.     At all times relevant to this Complaint, Defendants were acting under the color of law.

## FACTUAL BACKGROUND

20.     L.B. is a 17-year-old girl, current senior at HCHS, and a member of the graduating Class of 2023. Her graduation ceremony is scheduled for Saturday, May 20, 2023 at 6:30 PM.

21.     L.B. also is a transgender girl. She has been openly transgender since she first began attending HCHS as a freshman four years ago, and her identity as a transgender girl is known by many of her classmates as well as her teachers and administrators at HCHS.

22.     A person is transgender if they have a gender identity that does not align with their sex assigned at birth. A girl who is transgender has a female gender identity, although she was assigned male at birth. It is critically important for transgender girls, like L.B., to be recognized as a girl and treated the same as other girls by those in her life, her community, and all government agencies and officials, as well as private entities with which she interacts, or else she may experience significant harm.

23. L.B. entered Harrison Central High School as a girl, and has lived every aspect of her high school career as a girl. For the entirety of her high school career, L.B. has frequently and consistently worn dresses, skirts, and traditionally feminine clothing items and accessories to school and school-sponsored events and activities, without issue or repercussion. Prior to the events leading to this Complaint, L.B.'s dress or appearance has never been a cause of conflict or concern with her classmates or school officials.

24. Last year, L.B. attended Harrison Central High School's prom in a formal dress and high-heeled shoes, without any issues or repercussions by Defendants or other School District employees.

25. The ability to live authentically—including the ability to dress as a girl—is critically important to L.B.'s well-being and self-expression. Doing so allows L.B. to go to school and focus on her academic studies and extracurricular activities, without feeling self-conscious, anxious, or excluded by her teachers or peers. Doing so also allows L.B. to attend and participate fully in school events and activities, without questioning whether she belongs or is worthy of the same respect and dignity as her peers.

26. Like other graduating seniors, L.B. has been looking forward to her high school graduation the whole school year—and, in fact, the past four years of her high school career. For L.B., her graduation ceremony represents a meaningful and irreplaceable commemoration of her high school experience and achievements, as well as the beginning of the next chapter of her life and career.

27. Like other graduating seniors, L.B. can't wait to commemorate her high school graduation through a ceremony alongside her teachers and peers, to walk across the stage and

accept her high school diploma as her family and peers cheer her on, and to go home and celebrate this significant achievement with her parents, family members, and close friends.

28. Several months ago, in anticipation of her high school graduation ceremony, L.B. and her mother began searching for the perfect graduation outfit. On March 16, 2023, her mother approved her selection, and L.B. purchased a white formal dress and dress shoes online for the graduation ceremony in accordance with the HCHS custom of students wearing white for graduation. When it arrived, L.B. found the dress fit to her liking and met the criteria she had observed for other female student graduates. Thinking she was within the graduation dress code policy, she turned her mind toward looking forward to the celebration itself.

29. Two weeks ago, on May 4, 2023, L.B. saw Assistant Principal Christopher Spencer in the main office, and he conveyed that the principal, Defendant Fuller, would be reaching out to her to discuss a matter soon, but did not disclose further details. L.B. was worried that she was in trouble, and Assistant Principal Spencer assured her she was not.

30. Days later, just last week—on May 9, 2023, Defendant Fuller called L.B. to the principal's office to ask what she planned to wear to graduation. L.B. replied that she planned to wear a dress. Defendant Fuller said that L.B. could not wear a dress and that L.B. would need to wear what the boys are wearing.  Defendant Fuller also informed L.B. that the request to meet with L.B. was prompted by Defendant King, who had recently called and asked what the transgender students would wear to graduation.

31. During this meeting, L.B. felt extremely upset, embarrassed, and distressed about being singled out[1] and instructed that she would not be allowed to wear a dress at her high school graduation. Following the meeting, L.B. began crying and contacted her mother.

32. On May 10, 2023, L.B.'s mother, Samantha Brown, called Defendant King to request clarification on the School District's dress code policy for graduation. During this call, Defendant King said that L.B. "is still a boy" and that "*he* needs to wear pants, socks, and shoes, like a boy." Ms. Brown asked what would happen if L.B. wore a dress to the ceremony, and Defendant King stated that she would not be allowed to participate.

33. One day later—on May 11, 2023, L.B. picked up her cap and gown at her high school, and was provided with a written policy concerning graduation logistics on the principal's letterhead. The written policy states: "Girls must wear a white dress and white dress shoes (no tennis shoes). Boys must wear a white button-down shirt, black dress pants, black dress shoes (no tennis shoes) and a tie or bowtie." *See* HCSD Letter to Parents and Graduates, attached hereto as Exhibit C.

34. Notably, the School District's dress code policy does not contain any other gender-based requirements for student dress. *See* HCSD Dress Code from the 2022-2023 Secondary Student Handbook, relevant pages attached hereto as Exhibit D.

35. The School District also has a graduation regalia policy, which does not contain gender-based requirements for student dress. *See* HCSD Graduation Regalia from the 2022-2023 Secondary Student Handbook, relevant pages attached hereto as Exhibit E.

---

[1] Upon information and belief, L.B. is the only openly transgender student graduating from HCHS this year.

36. On May 16, 2023, Plaintiffs' counsel contacted counsel for Defendants by email, and reiterated their prior request that L.B. be allowed to attend her graduation ceremony while wearing a dress and dress shoes, or else they would be forced to sue to protect L.B.'s rights.

37. On May 17, 2023, Plaintiffs' counsel contacted counsel for Defendants again to reiterate their request that L.B. be allowed to wear a dress and dress shoes at her graduation ceremony, and to notify Defendants' counsel that they would seek emergency injunctive relief if Defendants refused to allow her to do so.

38. On the evening of May 17, 2023, Defendants' counsel contacted Plaintiffs' counsel, and stated that Defendants plan to maintain their dress code policy and prohibit L.B. from wearing a dress at her high school graduation ceremony.

## CAUSES OF ACTION

### COUNT ONE: EQUAL PROTECTION

**Violation of Equal Protection under the Fourteenth Amendment to the U.S. Constitution, Pursuant to 42 U.S.C. § 1983**
**(Against All Defendants)**

39. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs in this Complaint.

40. The Harrison County School District is a public school district and a government entity that is discriminating against Plaintiff L.B. based on gender in violation of the Equal Protection Clause.

41. Defendants are the final policymakers and/or otherwise responsible for implementing and/or enforcing the School District's policies, and acted under color of state law

by promulgating, ratifying, and enforcing a gendered dress code policy that has deprived Plaintiff L.B. of her constitutional right to equal protection under the law.

42. Defendants have adopted and implemented a facially discriminatory dress code policy, and discriminatorily enforced this policy against Plaintiff L.B. by prohibiting her from wearing a dress and heeled shoes to her graduation ceremony based on gender and gender stereotypes. Girls are instructed to wear a white dress and white dress shoes. Boys are instructed to wear a white button-down shirt, black dress pants, black dress shoes, and a tie or bowtie. As written, this policy subjects Plaintiff L.B. and other students to disparate treatment based on gender and gender stereotypes, and deprives them of equal access to a public education.

43. The School District's decision to impose different dress codes on students based on gender lacks any adequate justification and fails constitutional scrutiny. Any possible justification for treating Plaintiffs differently based on gender would be based solely on overbroad generalizations and gender stereotypes, which violates the Equal Protection Clause. And even if the School District could assert an adequate justification, the means it employs are not substantially related to those ends.

**COUNT TWO: TITLE IX**

**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.**
**(Against All Defendants)**

44. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs in this Complaint.

45. The Harrison County School District is a public school district and manages education programs that receive federal funding from the U.S. Department of Education.

46. Title IX of the Education Amendments of 1972 provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 § U.S.C. 1681(a).

47. By enforcing gender-based restrictions on L.B.'s ability to wear a dress and heeled shoes at graduation, Defendants have denied her ability to participate in education programs and activities based solely on gender and gender stereotypes. L.B. has also been deprived of the benefits of Defendants' educational programs and activities, and has experienced discrimination based on gender and gender stereotypes in violation of Title IX.

## COUNT THREE: FREEDOM OF EXPRESSION

**Violation of the First Amendment to the U.S. Constitution, as Applied Under the Fourteenth Amendment**

**U.S. Const. amend. I; 42 U.S.C. § 1983
(Against All Defendants)**

48. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs in this Complaint.

49. Defendant Harrison County School District, Defendant Harrison County School Board, and Defendants Fuller and King, in their official capacities, are liable pursuant to 42 U.S.C. § 1983 and the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, for promulgating, implementing, ratifying, enforcing, and/or delegating final decision-making and/or enforcement authority over rules and acts that deprive, and continue to deprive, Plaintiff L.B. of her constitutional right to freedom of expression.

50. L.B. desires to wear a dress and heeled shoes to express peacefully her gender identity and social and political viewpoint that it is appropriate for transgender students to wear clothing items in a manner consistent with their gender identity. The communicative content of her act of wearing a dress and heeled shoes would have been understood by other students, as well as teachers and administrators, at her graduation. L.B.'s expression of her identity and social and political beliefs through her choice of clothing constitutes protected speech and form of expression under the First Amendment.

51. Defendants' prohibition on L.B.'s ability to wear the attire of her choice at her graduation ceremony violates her First Amendment right to freedom of expression.

52. In depriving L.B. of this right, Defendants acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

53. Enter a temporary restraining order and/or permanent injunction to enjoin Defendants from prohibiting L.B. from wearing a dress and heeled shoes at her high school graduation ceremony, on the basis that doing so violates the Equal Protection Clause, Title IX, and First Amendment;

54. Declare that Defendants' gender-based dress code policy and its enforcement against Plaintiff L.B. violate the Equal Protection Clause; Title IX; and the First Amendment;

55. Enter a preliminary and permanent injunction against the enforcement of Defendants' gender-based dress code;

56. Award reasonable costs and attorneys' fees under 42 U.S.C. § 1988(b), and any other applicable statute or regulation; and

57. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 18th Day of May, 2023

/s/ *McKenna Raney-Gray*
AMERICAN CIVIL LIBERTIES UNION
 OF MISSISSIPPI FOUNDATION
McKenna Raney-Gray (Miss. Bar No. 106330)
Joshua Tom (Miss. Bar No. 105392)
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org
MRaney-Gray@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Linda S. Morris*
(admitted only in the State of Maryland)
Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
lindam1@aclu.org

*Attorneys for Plaintiff*


*Application for pro hac vice admission forthcoming

## CERTIFICATE OF SERVICE

I, McKenna Raney-Gray, hereby certify that on May 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

*/s/ McKenna Raney-Gray*
McKenna Raney-Gray
