IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

L.B., *by her next friends and parents*,
SAMANTHA BROWN and HENRY
BROWN,

       *Plaintiffs*,

    vs.

HARRISON COUNTY SCHOOL
DISTRICT; HARRISON COUNTY
SCHOOL BOARD; MITCHELL KING, *the
Superintendent of Harrison County School
District*; KELLY FULLER, *the Principal of
Harrison Central High School,*

       *Defendants*.

Civil No. 1:23cv124 HSO-BWR

**ORAL ARGUMENT REQUESTED**

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff L.B., by her next friends and parents Samantha Brown and Henry Brown, respectfully requests, pursuant to Federal Rule of Civil Procedure 65(b), that the Court grant a temporary restraining order requiring Defendants to allow L.B. to wear a dress and heeled shoes at her graduation ceremony for Harrison Central High School ("HCHS") on Saturday, May 20, 2023 at 6:30 PM, and/or enjoining Defendants from interfering with or otherwise taking adverse action against L.B. for actual or alleged noncompliance with Defendants' graduation dress code policies.

1.    L.B. is a 17-year-old girl and current high school senior who will graduate on Saturday, May 20, 2023, from HCHS. As she has for the past four years of high school and at various school-sponsored events including prom, L.B. wants to wear a dress and heeled shoes at

her graduation ceremony, consistent with the gender that she lives every day. However, just days before her graduation, Defendants made the sudden decision to force L.B. to dress according to the male sex that she was assigned at birth at the ceremony—even though L.B. entered HCHS as a girl and has lived every aspect of her high school career as a girl. Defendants have promised to remove L.B. from graduation should she attend while wearing a dress and heeled shoes under her graduation robes. Because of Defendants' gender-based restrictions against her, L.B. will be forced to miss her own high school graduation—a once-in-a-lifetime event that she and her parents will never be able to replace.

2. Defendants' sudden decision to prohibit L.B. from wearing a dress and heeled shoes at her graduation ceremony violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, Title IX of the Education Amendments of 1972, and the First Amendment right to freedom of expression. By prohibiting L.B. from attending graduation in a dress and heeled shoes, Defendants are actively and presently inflicting significant harm on L.B., including by effectively forcing L.B. to miss her own high school graduation.

3. Because the graduation is scheduled for Saturday, May 20, 2023, this motion is an urgent and necessitous matter within the meaning of L.U. Civ. R. 7(b)(8). L.B. will be irreparably harmed in the exercise of her federal statutory and constitutional rights if temporary injunctive relief is not obtained prior to May 20, 2023.

4. Undersigned counsel for Plaintiffs has been in contact with counsel for Defendants since May 15, 2023 in an attempt to resolve this issue without litigation. Attorney McKenna Raney-Gray left word for the Superintendent twice on May 16, 2023, with no return call. On May 16, 2023, and again on May 17, 2023, Attorney for Harrison County School District Wynn Clark and Attorney McKenna Raney-Gray spoke by phone about Plaintiff's intention to file this lawsuit

and motion for injunctive relief. Accordingly, Defendants' counsel is aware of Plaintiffs' claims and was notified via email on May 16, 2023 that Plaintiffs would be forced to file a lawsuit if L.B. was not allowed to attend graduation in a manner consistent with the gender that she has lived every day of her high school career, and was notified on May 17, 2023 that Plaintiffs would move for a temporary restraining order to protect L.B.'s rights.

5. Plaintiffs are substantially likely to succeed on the merits of their claims. Defendants are violating the Equal Protection Clause by barring L.B. from wearing a dress to her graduation ceremony solely based on her gender. Defendants' gender-based restriction triggers heightened scrutiny under the Equal Protection Clause, and Defendants can provide no justification—much less an "exceedingly persuasive" one—for barring L.B. from wearing a dress and heeled shoes under her graduation robes at her graduation ceremony. Furthermore, L.B. has worn dresses, skirts, heeled shoes, and other traditionally feminine clothing items to in-person classes, school-sponsored events and programs, and extracurricular activities for the past four years at HCHS without any issues or disciplinary consequences.

6. Defendants' last-minute attempt to bar L.B. from wearing a dress and heeled shoes also violates Title IX, which states that no person in the United States shall "on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). There is no exception from Title IX for school dress codes. Defendants are engaging in explicit gender discrimination against L.B. in a manner that violates Title IX.

7. Defendants' prohibition on L.B.'s ability to wear the attire of her choice is a blatant violation of her First Amendment right to freedom of expression. The First Amendment of the Constitution states that "Congress shall make no law . . . abridging the freedom of speech." U.S.

Const., amend. I. But Defendants have done precisely what this bedrock principle prohibits by censoring L.B.'s peaceful expression of social and political viewpoints central to who she is and her gender identity, without any evidence that L.B.'s decision to wear a dress and heeled shoes under her graduation robes at her ceremony would cause any disruption or disturbance. Plaintiff L.B. is therefore likely to succeed on the merits of her Equal Protection, Title IX, and First Amendment claims.

8. As explained in Plaintiffs' accompanying Memorandum of Law, the other elements of the temporary restraining order analysis also weigh in Plaintiffs' favor. The instant Motion should therefore be granted. In addition, because the requested injunction vindicates constitutional rights, the Court should also waive the bond requirement of Rule 65(c).

9. In support of this Motion, Plaintiffs submit the exhibits listed below and an accompanying Memorandum of Law in support.

| 1. | **Exhibit A:** | Declaration of L.B. |
|---|---|---|
| 2. | **Exhibit B:** | Declaration of Samantha Brown |
| 3. | **Exhibit C:** | Harrison Central High School Letter, By Principal Kelly Fuller, concerning May 20, 2023 Graduation Ceremony ("HCHS Graduation Ceremony Letter") |
| 4. | **Exhibit D:** | Excerpt of Harrison County School District Handbook, detailing the School District's dress code policy ("Dress Code Policy") |
| 5. | **Exhibit E:** | Excerpt of Harrison County School District Handbook, detailing the School District's graduation regalia policy ("Graduation Regalia Policy") |

RESPECTFULLY SUBMITTED, this 18th day of May, 2023.

/s/ McKenna Raney-Gray_____

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Linda S. Morris*<br>Women's Rights Project<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Phone: (212) 549-2500<br>lindam1@aclu.org<br><br>*Motion for admission pro hac vice forthcoming* | AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION, INC.<br>McKenna Raney-Gray, MS Bar No. 106330<br>Joshua Tom, MS Bar. No 105392<br>P.O. Box 2242<br>Jackson, MS 39225<br>Phone: (601) 354-3408<br>jtom@aclu-ms.org<br>mraney-gray@aclu-ms.org |

## **CERTIFICATE OF SERVICE**

I, McKenna Raney-Gray, hereby certify that on May 18, 2023, that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

/s/ McKenna Raney-Gray
McKenna Raney-Gray