IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

L.B., by her next friend and parents,
SAMANTHA BROWN and HENRY BROWN                                    PLAINTIFFS

VERSUS                                 CIVIL ACTION NO.: 1:23cv124 TBM-BWR

HARRISON COUNTY SCHOOL DISTRICT;
HARRISON COUNTY SCHOOL BOARD;
MITCHELL KING, the Superintendent of
Harrison County School District; and
KELLY FULLER, the Principal of Harrison
Central High School                                                DEFENDANTS

### BRIEF OPPOSING TEMPORARY RESTRAINING ORDER

 

Wynn E. Clark
14397 Creosote Road
Gulfport, MS  39503
(228) 575-9996 (Office)
(228) 575-9030 (Fax)
Miss. Bar No. 6279
E-Mail:  wynn@wynnclark.com


Attorney For The Harrison County School District

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **L.B., by her next friend and parents,** **SAMANTHA BROWN and HENRY BROWN** | **PLAINTIFFS** |
| **VERSUS** | **CIVIL ACTION NO.: <u>1:23cv124 TBM-BWR</u>** |
| **HARRISON COUNTY SCHOOL DISTRICT;** **HARRISON COUNTY SCHOOL BOARD;** **MITCHELL KING, the Superintendent of** **Harrison County School District; and** **KELLY FULLER, the Principal of Harrison** **Central High School** | **DEFENDANTS** |

L.B.'s Complaint (**Doc. 1**) and Motion For Temporary Restraining Order (**Doc. 2**) was filed little more than 24 hours ago and asking for extraordinary equitable relief (**Doc. 1, para. 8, at 4**) (**Brief, Doc. 3, at 11; referring to "the balance of equities"**). It leads to several threshold considerations.

First "judicial interposition in the operation of the public school system . . . raises problems requiring care and restraint. . . . by and large, public education . . . is committed to the control of State and local authorities." *Epperson v. Arkansas*, 393 U.S. 97, 104, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968). L.B. effectively wants the federal court to superintend and constitutionalize a voluntary graduation ceremony, when there is no constitutional right to participate in a graduation ceremony, about more will be said.

Second, L.B. charges ahead and asserts that the District made a "sudden decision to prohibit [L.B.] from participating in graduation"; "suddenly - - decided to bar L.B. from wearing a dress and heeled shoes at graduation"; and makes an "eleventh-hour to bar L.B. from attending her graduation ceremony in a formal dress." (**Doc. 3, at 12, 16, 21**). This is incorrect.

The graduation policy has been online for many years, and L.B. and his parent signed a Commencement Participation Agreement almost 2 ½ months ago, agreeing to abide by the District's graduation policy for voluntary graduation ceremony. (**Mitchell King Declar.**).[1]

L.B. waited until the last minute to put the District and the judicial system under vice-like pressure to respond within less than 24 hours (allowing for an abbreviated sleep cycle) to respond to L.B.'s demand for "the urgent assistance of [the] Court to allow [L.B.] to attend the [graduation] ceremony (**Doc. 3, at 17**), a ceremony that L.B. says is "perhaps [the] most important event of her high school career.") (**Complaint, Doc. 1, para. 5, at 3**).

The District has had little time to respond to the Motion and Brief, and is submitting this short Brief before a 1:30 p.m. hearing today. That said, L.B.'s Complaint and Motion point to basic threshold notions of justiciability, mootness, jurisdiction, equitable principles, and when is all is said and done, whether there constitutional rights are involved in one participating in a voluntary graduation ceremony covered by a cap and gown.

Third, the federal court must consider jurisdictional defects before considering the merits of claim, even when the parties don't raise the issue. *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007). The Plaintiffs cite *Doe ex rel. Doe v. Vermilion Parish Sch. Bd.*, 421 Fed.Appx. 366 (5th Cir. 2011), to support an assertion of heightened scrutiny for an Equal Protection Clause claim. (**Doc. 3, at 18**). The Plaintiffs' prayer for relief seeks the substantive remedy of an injunction, which is not a claim. (**Doc. 1, at 13**). L.B. has finished

---

[1]This Declaration is filed.

the 2022-23 school year, is no longer a student at Harrison Central High School. (**King Declar.**).

As a threshold issue before reaching the 4 "Canal Authority" factors for injunctive relief, *Doe* reminds us that L.B.'s request for injunctive relief is moot, which cuts across purported claims for equal protection, Title IX, and First Amendment claims.

"As is so often the case in suits for injunctive relief brought by students, graduation or impending graduation renders their claims for injunctive relief moot." *Doe*, 421 Fed.Appx. at 374, citing, *Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000). In *Doe*, at claim for injunctive relief for a student was moot when the student was no longer a student at the school. *Id.*, at 375-76.

In *Pederson*, Title IX plaintiffs had already graduated from college. There was no evidence that any of them would return to campus, and their request for injunctive relief was moot. *Pederson*, 213 F.3d at 874.

L.B. is no longer a student in a formal educational program. There is no reason to expect L.B. will return to a formal educational setting as L.B. has met the qualifications to receive a diploma. "Justiciability must be analyzed separately [for] . . . the propriety of equable relief." *Pederson*, 213 F.3d at 874.

Like a flowchart, this leads back to whether L.B. has a federally protected right to participate in a voluntary graduation ceremony, and secondarily, whether L.B. can satisfy the substantial likelihood of success on the merits and irreparable injury prongs of the test for injunctive relief.

L.B. has no standing to pursue permanent injunctive relief after she is no longer a student, that is, relief for the purported rights of others. This is singled by the Complaint's request for a permanent injunction and L.B.'s parent's "desire that other[s] . . . are not subjected to" District policies. (**Doc. 2-2, at 3**). We are left with L.B.'s request for a TRO to walk in a graduation ceremony that will be held tomorrow, May 20, 2023.

L.B. wants extraordinary relief in the form of a mandatory preliminary injunction. "Mandatory preliminary relief, which goes well beyond simply maintaining the *status quo pendente lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Exhibitors Poster Exch., Inc. v. Nat. Screen Serv. Corp.*, 441 F.2d 560, 561-62 (5th Cir. 1971). L.B. wants all the relief she requests - - and now.

L.B. cites *Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F.Supp.3d 511 (S.D. Tex. 2020) (Hanks, J.), a case involving a hair-length policy of a person still enrolled as a high school student.

But L.B. refers to the case incompletely, as L.B. leaves out a May 29, 2020 Decision of the same court in the same case, a case in which the court rejected the extraordinary remedy of an injunction from a person who wanted to participate in graduation ceremony but was going to receive a high diploma "regardless of whether [the student] dons a graduation gown or crosses a stage." *Arnold v. Barbers Hill Indep. Sch. Dist.*, 2020 WL 2813496, *1-2 (S.D. Tex. 2020) (Hanks, J.).

In rejecting injunctive relief, the district court noted that mandatory preliminary relief that went "well beyond simply maintaining the *status quo* . . . [was] particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Id.*, at *1, quoting, *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

There was no "right to walk" and there was no irreparable harm. The district court quoted *Kahn v. Fort Bend Indep. Sch. Dist.*, 561 F.Supp.2d 760, 766 (S.D. Tex. 2008). "Commencement ceremonies are symbolic of the educational end result [; they are] not an essential component of it [.]". *Id.*

In *Kahn v. Sport Fort Bend Indep. Sch. Dist.*, 561 F.Supp.2d 760 (S.D. Tex. 2008) (Hittner, J.), a high school student sued for preliminary injunctive relief to prevent the school district from prohibiting the student from participating in a graduation ceremony and delivering the valedictorian address. The district court denied the motion for preliminary injunctive relief, ruling the student could not succeed on the merits, and even if he could, the public interest weighed in favor of the court abstaining from interfering with the school district internal disciplinary decisions. *Id.*, at 767.

The student satisfied the requirements to graduate, but the school district barred the student from participating in graduation because the student did not exhibit good conduct while enrolled in alternative school. *Id.*, at 762. The student claimed that the school district would "unconstitutionally deprive [the student] of his property interest in participating in his high school graduation ceremony and delivering the valedictorian address." *Id.*, at 763.

A student's property interest is limited to the *educational process*. Due process guarantees do not protect a student's interest in participating in extracurricular activities, such as a graduation ceremony." *Id.*, at 764, citing, *Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Niles v. Univ. Interscholastic League*, 715 F.2d 1027, 1031 (5th Cir. 1983) (alleged improper denial of right to participate in athletics did not raise substantial federal question; Due Process Clause applies to fundamental rights, but does

5

not protect lesser interests or mere expectations; plaintiff did not have a viable substantive due process claim).

"While . . . high school graduation is an important and memorable occasion in a young person's life, walking across a stage certainly does not rise to the level of a constitutionally protected property interest." *Williams v. Austin Indep. Sch. Dist.*, 796 F.Supp. 251, 255 (W.D. Tex. 1992) (Sparks, J.) (denying motion for TRO requiring school district to allow student who failed math to participate in graduation ceremony). "The citizens of Texas are disserved when federal judges substitute their notions of fairness in place of officials elected to make these kinds of policy decisions and judgment calls." *Id.*, at 256 (addressing public interest prong of preliminary injunctive relief).

Likewise, "there is no fundamental right to appear in a yearbook." *Sturgis v. Copiah Cnty. Sch. Dist.*, 2011 WL 4351355, *2 (S.D. Miss. 2011) (Jordan, J.) (court did *not* address Title IX claim). There is no "free-standing right to class honors," as "federal judges have no business constitutionalizing such matters." *James v. Cleveland Sch. Dist.*, 45 F.4th 860, 866-67 (5th Cir. 2022), quoting in part, *Shepard v. Cleveland Sch. Dist.*, 822 Fed.Appx. 312, 313 (5th Cir. 2020) (*per curiam*). A student has "no cognizable property interest in the components of [his or her] public education." *James,* 45 F.4th at 867. A student does not have a property interest "in 'incidents' or 'components' of his or her public education." *Id.*, at 865 (fn. 2). "A student's property interest consists only in not being totally excluded from a state-created right to public education." *Id.* (*cleaned up*). We are past the formal education program.

Even if a student could succeed on the merits, a student does not suffer an "irreparable injury" by not being allowed to participate in a high school graduation

6

ceremony. *Kahn v. Fort Bend Indep. Sch. Dist.*, 561 F.Supp.2d 760, 766 (S.D. Tex. 2008) (Hittner, J.), citing, *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003) (discussing anti-suit injunction, mootness, and four requirements for preliminary injunctive relief; movant must "clearly carr[y] the burden of persuasion" on all four requirements).

The loss of an opportunity to participate in a graduation ceremony is not an unconstitutional infringement on a student's right to freely exercise his religious beliefs. A student's interest in attending a graduation ceremony is "a social occasion in which students and their families and friends gather to mark an event." It is not "an important benefit" the State confers. *Smith v. N. Babylon Union Free Sch. Dist.*, 844 F.2d 90, 94 (2nd Cir. 1988) (free exercise clause of First Amendment did not protect interest in attending graduation ceremony).

In *Griffith v. Caney Valley Pub. Sch.*, 2015 WL 2451226 (N.D. Okla. 2015) (Frizzell, C.J.), a high school senior moved for a preliminary injunction to prevent the school from prohibiting the student from decorating his graduation cap with an Eagle feather, an object which is sacred according to [the student's] Native American religious beliefs." *Id.*, at *1. The school district told the student that the student would not be permitted to participate in the ceremony if the student attached the feather to her cap during the ceremony, but offered to allow the student to wear the feather in her hair or on a necklace, or to carry the feather during the ceremony. *Id*. The student challenged the school's policy based on the free exercise of religion and free speech protections of the First Amendment. *Id.*

The district court identified 3 types of disfavored preliminary injunctions - - preliminary injunctions that alter the *status quo*; mandatory preliminary injunctions; and

preliminary injunctions that afford the movant all the relief the movant could recover at a full trial. *Id*., at *2. (noting the heavy and compelling burden on 4 factors).

The school "has a legitimate interest in maintaining the *formality* of the graduation ceremony, and in demonstrating the unity of the graduating class." *Id.*, at *3. "A graduation ceremony is an opportunity for the school district to impart lessons on discipline, courtesy, and respect for authority." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1229 (10th Cir. 2009). The court rejected the free speech claim. A student's rights "are not automatically coextensive with the rights of adults in other settings." *Griffin*, 2015 WL2451226, at *4, quoting, *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 682, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986).

"Educators do not offend the First Amendment by exercising control over the style and content of student speech and school-sponsored expressive activities that observers might reasonably perceive to bear the imprimatur of the school so long as there actions are reasonably related to legitimate pedagogical concerns." *Id*., at *4, quoting, *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 271-73, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988).

"A graduation ceremony is a school-sponsored event, and thus, the students' speech . . . is school-sponsored speech subject to restrictions that are reasonably related to legitimate pedagogical concerns." *Id.*, citing, *Corder*, 566 F.3d at 1229 ("The graduation ceremony was supervised by the school's faculty and was clearly a school-sponsored event.").

"While [p]arents may have a fundamental right in the upbringing and education of their children, this right does not cover the [p]arent's objection to a public school Uniform Policy." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 291 (5th Cir. 2001) (rejecting

8

First Amendment claims). Citing the *Canady* case, the Fifth Circuit assumed without deciding that the First Amendment applied to any expressive conduct implicated in the Uniform Policy. But the Uniform Policy did not transgress the First Amendment in a *school* setting. *Id.*, at 285-86.

The Fifth Circuit had "little difficulty" in ruling that the Uniform Policy was constitutional. The school district had the power to adopt a mandatory Uniform Policy. The interest of the "order of public schools" was a sufficient government interest. *Id.* The school district adopted the Uniform Policy "for other legitimate reasons unrelated to the profession of student expression." *Id.*, at 287. The Uniform Policy was limited in its restriction and involved "only . . . student attire during school hours." *Id.*

A student did not satisfy the "*substantial* likelihood of success" prong for preliminary injunctive relief because the student failed to show how a school district uniform policy deprived the student of a constitutionally protected liberty or property interest. *Esparza v. Bd. of Trs.*, 182 F.3d 915, *3 (5th Cir. 1999) (uniform policy that students "must wear a white top and khaki trousers or skirts to school"; plaintiffs had to show deprivation of a constitutionally protected property or liberty interest on a procedural or substantive due process claim; plaintiffs were not deprived of access to public education).

In *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381 (6th Cir. 2005), the Sixth Circuit ruled that the First Amendment did not protect a student from restrictions of a school's dress code, and there was no substantive due process violation. The plaintiff was required to show that the plaintiff's "conduct" was meant to "convey[ ] a particularized message" that would likely "be understood by those who viewed it." *Id.*, at 388. But the student's "desire to wear clothes the student felt 'good in' was not a 'direct, primary First Amendment right[

9

] akin to pure spence.'" *Id.*, at 389. The plaintiff did not meet the burden of showing that the First Amendment protected the student's conduct, which was a "generalized vague desire to express her middle-school individuality." Students "do not possess a constitutionally protected interest in their participation in extracurricular activities." *Doe v. Silsbee Ind. Sch. Dist.*, 402 Fed.Appx. 852, 854 (5th Cir. 2010).

The Plaintiffs' conclusory allegations of equal protection, Title IX, and First Amendment violations would not survive Rule 12(b)(6) and 12(c) analysis, because legal conclusions or conclusory allegations don't suffice in any event. *Murphy v. Allstate Vehicle & Prop. Ins.*, 2022 WL 2541281, *1-3 (S.D. Miss. 2022) (Jordan, C.J.).

But the essence of L.B.'s Complaint is what L.B. always circles back to, and that is the right to participate in a graduation ceremony unfettered by a dress code. A court is not bound to accept L.B.'s nomenclature, and should look to the "essence of the action" to determine a legal issue. Put another way, L.B. cannot "re-cast" a claim. *Jordan v. Premier Entertainment Biloxi, LLC*, 2014 WL 5773762, *4 (S.D. Miss. 2014) (Guirola, C.J.).

For brevity, the District will point out in the hearing the many statements in the Complaint, the Motion, and the supporting Brief that show that in essence L.B. is demanding the unfettered right to participate in a voluntary graduation ceremony. (**Doc. 2-1, paras. 3, 9-10; "I'm excited to attend my graduation ceremony, to walk across the stage, and accept my diploma"; ". . .if I am forced to wear boys clothing to graduation I no longer to wish to attend the ceremony"; "[I] fear that I will be forced to miss this important moment in my life"**); (**Doc. 3, at 11, 16; "If [L.B.] is forced to miss [L.B.'s] once-in-a-lifetime high school graduation"; "If [the] Defendants**

**continue to bar [L.B.] from wearing [a] dress . . . at graduation, L.B. does not want to walk across the stage during the ceremony, which will break her . . . heart[ ]"**).

The decision to grant preliminary injunctive relief is "the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). A litigant must "generally show reasonable diligence." *Benisck v. Lamone*, __ U.S. __, 138 S.Ct. 1942, 1944, 201 L.Ed.2d 398 (2018). L.B. knew or should have known about the online graduation policy long ago. L.B. knew about the policy in the second week of March, 2023, by signing the Commencement Participation Agreement. (**Mitchell Declar.**). But L.B. waited until the eleventh hour to ask for extraordinary injunctive relief. This cuts against granting injunctive relief.

## Conclusion

L.B.'s filing left little time for full briefing. But the District has done its best to respond on short notice. Mississippi law directs the District to keep records according to an available birth certificate that says L.B. is male. But on the best day, participating in a voluntary graduation ceremony when you are no longer a student and wearing a cap and gown and complying with the dress code you agreed to abide by, does not infringe on protected rights or justify extraordinary injunctive relief.

A School District has a right to exercise "editorial control of the style and content of student's speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns." *Hazelwood Sch. Dist. v. Kuhlmier*, 484 U.S. 260, 273, 108 S.Ct. 562, 571, 98 L.Ed.2d 592 (1988).

This the 19th day of May, 2023.

        Respectfully submitted,

        HARRISON COUNTY SCHOOL DISTRICT;
        HARRISON COUNTY SCHOOL BOARD;
        MITCHELL KING; and KELLY FULLER
        DEFENDANTS

    BY: *Wynn E. Clark*
        ATTORNEY FOR THE DEFENDANTS

Wynn E. Clark
14397 Creosote Road
Gulfport, MS 39503
(228) 575-9996 (Office)
(228) 575-9030 (Fax)
Miss. Bar No. 6279
E-Mail: wynn@wynnclark.com

**Attorney For The Defendants**

## CERTIFICATE OF SERVICE

I, Wynn E. Clark, do hereby certify that I have this date electronically filed the foregoing pleading by using the ECF Court System to all ECF participants to this civil action.

This the 19th day of May, 2023.

        /s/ Wynn E. Clark